REQUESTED BY: Senator John DeCamp Member of the Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested the opinion of this office regarding certain provisions contained in LB 76. Specifically, you have inquired as follows:
 The question was raised . . . as to whether the method of handling vehicle seizure was constitutional since it made a class of the driver of the car who coincidentally had to also be the owner before seizure came into effect. Please advise if this is constitutional and if not what changes would be needed to make a seizure program constitutional.
We conclude that LB 76 is constitutionally suspect due to the creation of an unjustifiable class. Our analysis follows.
LB 76 creates a class of persons who are sole owners of vehicles. Persons in this class are subject to forfeiture of their vehicles if used by them to flee in an attempt to avoid arrest or citation. It was stated in Taylor v.Karren, 196 Neb. 581, 244 N.W.2d 201 (1976), that:
 The Legislature may make a reasonable classification of persons, corporations and property for purposes of legislation concerning them, but the classification must rest upon real differences of situation and circumstances surrounding the members of the class, relative to the subject of the legislation, which render appropriate its enactment.
Quoting from State ex rel. Rogers v. Swanson, 192 Neb. 125,219 N.W.2d 726. It has uniformly been held that, to be valid, the classification must bear a rational relationship to a legitimate state purpose. Parker v. Roth, 202 Neb. 850,278 N.W.2d 106 (1979).
Seizure of vehicles which have been used in the commission of crimes is rationally related to legitimate state purposes:
 Forfeitures of conveyances that have been used and may be used again in violation of the . . . laws fosters the purposes served by the underlying criminal statutes, both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable.
Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663
(1974).
However, we have difficulty conceiving of a rational relationship between the sole owner classification and the preceding purposes. The purpose of preventing further illicit use would be served by seizing a vehicle when the accused was a sole owner, joint owner, lessor or borrower.
The purpose of imposing an economic penalty would be served where the accused had any interest in the vehicle, be it sole, joint or leasehold. While the law governing classifications is not subject to doctrinal definition, we conclude that the sole owner classification is constitutionally suspect.
We briefly note that there are permissible classifications which do not encompass all vehicles used to avoid arrest. For example, an exception for vehicles stolen from an innocent third party would pass constitutional muster. It would be difficult to catalogue every permissible classification. We can only emphasize that to be valid a class must bear a rational relationship to a legitimate state purpose.
This opinion is specifically limited to the classification issue. We do not express an opinion on any other facet of LB 76.
Sincerely, PAUL L. DOUGLAS Attorney General Martel J. Bundy Assistant Attorney General